THE ATTORNEY GENERAL
OF TEXAS
AUSTIN, TEXAS 78711
ATTORNEY GENERAL



March 17, 1970

Honorable Gayle R. Carden
County Attorney
Hunt County
Greenville, Texas 75401

Opinion No. M- 597

Re: Compensation of Judge of
the 196th Judicial District
for serving as a statutory
member of the Hunt County
Juvenile Board.

Dear Mr. Carden:

Your request for an opinion asks the following question:

"Is the 196th District Judge entitled to
receive compensation as a member of the Hunt
County Juvenile Board as provided in Article
5139CC, as of the time said Board was appointed
on November 7, 1969?"

Your request states that on October 2, 1969, Hollis
D. Garmon was appointed District Judge of the 196th Judicial
District covering Hunt County, Texas, and that no other District
Judge serves Hunt County.

House Bill 412, Acts 60th Leg. R.S. 1967, Ch. 418, p.
950, amended Sections 1 and 4 of Article 5139CC, Vernon's Civil
Statutes, so as to read as follows:

"Section 1. There is hereby established
a County Juvenile Board in Hunt County, which
shall be composed of the county judge, the
judge of each judicial district which includes
Hunt County, and four non-salaried members who
are citizens of Hunt County, two to be appointed
by the county judge and one by each district
judge. The terms of office of the non-salaried
appointed members of the Board are for alter-
nating terms of two years each. The terms of
two of the non-salaried appointed members ex-
pire on December 31st of each odd-numbered year,
and the terms of the remaining two non-salaried

-2843-

appointed members expire on December 31st of each even-numbered year.

      " . . .

"Sec. 4. As compensation for the added duties imposed upon the judicial members of the Juvenile Board, the county and district judges may be allowed additional compensation not to exceed Twelve Hundred Dollars ($1,200) per year, and the clerk of the juvenile court may be allowed the additional compensation not to exceed Eight Hundred Dollars ($800) per year. Any additional compensation allowed shall be fixed by the Commissioners Court of Hunt County, and paid monthly in twelve (12) equal installments out of the general fund or any other available fund of the county. Such compensation shall be in addition to all other compensation now provided or allowed by law for the county judges, district judges, and clerk of the juvenile court and shall not be counted as fees of office. Each other member of the Board serves without compensation. This Act shall be cumulative of existing laws relating to compensation for judges of district courts, county judges, and clerks of juvenile courts."

House Bill 12, Acts 60th Legislature, supra, became effective June 12, 1967, and in view of the provisions of Section 1 of Article 5139CC, Vernon's Civil Statutes, as amended, the County Juvenile Board in Hunt County was established, to be composed of the County Judge, District Judge, and four non-salaried members who are citizens of Hunt County, two to be appointed by the County Judge and one by each District Judge.

The 196th Judicial District was created by the provisions of Section 3.023 of Article 199a, Vernon's Civil Statutes. Under the facts submitted by you, Judge Garmon qualified as Judge of the 196th Judicial District on October 2, 1969, and in view of the provisions of Section 1 of Article 5139CC, Vernon's Civil Statutes, automatically became a member of the County Juvenile Board in Hunt County.

Section 2.006 of Article 199a, Vernon's Civil Statutes, provides:

"The district judge of any new district created by this Act shall sit as a member of the juvenile board in any county within his district in which a juvenile board exists. The judge shall receive the same amount as supplemental compensation for his services on the board as is received by other judges on the board. The judge shall receive the same amount in other supplemental compensation from the county as is received by other district judges in that county."

You state in your request that the county judge of Hunt County receives $1200.00 per year at present for his services as a member of the Juvenile Board for Hunt County.

You are, therefore, advised that the District Judge of the 196th Judicial District is entitled to the compensation authorized in Article 5139CC and Section 2.006 of Article 199a from and after October 2, 1969. Under the facts submitted, this compensation is $1200.00 per year.

### S U M M A R Y

The County Juvenile Board in Hunt County was established in 1967 by the provisions of Article 5139CC, Vernon's Civil Statutes; the Judge of the 196th Judicial District is a member of that Board and is entitled to the compensation authorized in Article 5139CC and Section 2.006 of Article 199a, Vernon's Civil Statutes, from and after the date he qualified as Judge of the 196th Judicial District.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

Hon. Gayle R. Carden, page 4 (M-597)


APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Acting Co-Chairman

Earl Hines
Pat Cain
Camm Lary
Scott Garrison

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant